IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TROYAL GARTH BROOKS**                                                                **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO: 3:24-cv-547-HTW-LGI**

**DEBRA WINGO WILLIAMS**                                          **DEFENDANT**

**AMENDED COMPLAINT**
**(TRIAL BY JURY DEMANDED)**

Plaintiff Troyal Garth Brooks files this lawsuit to obtain relief from Defendant Debra Wingo Williams's ongoing attempted extortion, defamation, false light invasion of privacy, and intentional infliction of emotional distress through outrageous conduct including the publication and threatened wider publication of false allegations of sexual misconduct that would irreparably harm Plaintiff's reputation, family, career and livelihood.

**PARTIES**

1. Plaintiff is an adult resident citizen of Tennessee.

2. Defendant is an adult resident citizen of Mississippi.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1391 because Defendant resides in this judicial district and division.

**FACTS**

5. Plaintiff is a celebrity and public figure who resides in Tennessee.

6. Defendant worked professionally with Plaintiff as an independent contractor for approximately fifteen years before she relocated from Tennessee to Mississippi in May 2020.

7. Soon after moving to Mississippi, Defendant apparently encountered financial difficulties and asked Plaintiff for financial assistance. Plaintiff complied out of loyalty, friendship, and a desire to improve Defendant's condition. But Defendant's demands for financial assistance only increased, with Defendant ultimately asking Plaintiff for salaried employment and medical benefits.

8. When Plaintiff advised he could not agree to Defendant's demands for salaried employment and medical benefits, she responded with false and outrageous allegations of sexual misconduct she claims occurred years ago.

9. Specifically, on July 17, 2024, an attorney acting at Defendant's direction sent Plaintiff and others with whom Plaintiff professionally works an ostensibly "confidential" demand letter alleging a litany of sexual misconduct by Plaintiff ranging from allegations of sexual "grooming," creation of a sexually hostile work environment, unwanted sexual touching, and sexual assault. Defendant also alleged a belief that Plaintiff planned to hire someone to murder her. The July 17 demand letter was the first time Plaintiff learned of these allegations, none of which has any basis in fact.

10. Defendant threatened in the July 17 demand letter to "publicly file" an enclosed draft civil complaint against Plaintiff repeating the same fabricated allegations unless Plaintiff agreed to pay Defendant millions of dollars not to file the suit. The letter referred to various celebrity sexual misconduct lawsuits featuring multi-million dollar jury awards.

11. In a follow-up letter dated August 23, 2024, Defendant, through her attorney, offered to refrain from publicly filing her false and defamatory lawsuit against Plaintiff in

exchange for a multi-million dollar payment. She threatened that if Plaintiff failed to meet this demand, he would face exposure of many millions of dollars "based on [his] net worth."

12. Defendant's allegations are not true. Defendant is well aware, however, of the substantial, irreparable damage such false allegations would do to Plaintiff's well-earned reputation as a decent and caring person, along with the unavoidable damage to his family and the irreparable damage to his career and livelihood that would result if she made good on her threat to "publicly file" her fabricated lawsuit. Indeed, such knowledge no doubt explains why Defendant threatened to file suit through a "confidential" demand letter rather than simply filing suit to redress her alleged (but untrue) injuries.

## CLAIMS FOR RELIEF

13. Defendant's publication of such false allegations and her threat to file a lawsuit more widely publicizing such false allegations against Plaintiff has given rise to a justiciable controversy between the parties entitling Plaintiff to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant's allegations of sexual misconduct are untrue.

14. Defendant's false allegations and her threats to wrongfully assassinate Plaintiff's character through the public airing of such revulsive and untrue allegations have caused Plaintiff emotional distress including anxiety and fear for himself and his family. Defendant's attempted extortion of Plaintiff for millions of dollars through such untrue, lewd allegations constitutes intentional, outrageous conduct that was intended to and did in fact cause Plaintiff serious mental injury, amounting to an intentional infliction of emotional distress for which Plaintiff is entitled to recover compensatory and punitive damages.

15. Defendant has defamed Plaintiff by intentionally publishing her July 17 letter and enclosed draft complaint containing these false allegations of sexual misconduct to persons other than Plaintiff. Defendant intentionally published these statements to others with knowledge that

the statements were false and defamatory. Defendant's publication of these defamatory statements was not privileged but was made with malice, ill will, and for the improper purpose of extorting an unwarranted payment from Plaintiff. Defendant's intentional defamation of Plaintiff entitles Plaintiff to recover compensatory and punitive damages.

16.     Defendant's malicious publication of her false allegations of sexual misconduct also placed Plaintiff in a false light that would be highly offensive to any reasonable person. Defendant intentionally published these statements with knowledge of their falsity and with knowledge of the false light in which the statements would place Plaintiff. Defendant's publication of these false allegations was not privileged but was made with malice, ill will, and for the improper purpose of extorting an unwarranted payment from Plaintiff. Defendant's intentional false light invasion of privacy entitles Plaintiff to recover compensatory and punitive damages.

17.     Plaintiff is also entitled to preliminary and permanent injunctive relief prohibiting Defendant from continuing her attempted extortion, defamation, and false light invasion of privacy, and from making good on her threats to more widely publicize her false allegations against Plaintiff. Plaintiff will suffer irreparable harm to his reputation, his family, and his career and livelihood if Defendant is not so enjoined. Monetary damages cannot adequately compensate Plaintiff for these injuries. Defendant will suffer no hardship from an injunction of her wrongful conduct, while Plaintiff will suffer irreparable harm if no injunction is issued. Finally, the public interest will not be disserved by the requested injunction because the public has no interest in furthering Defendant's extortionate scheme through the publication of her false and salacious allegations.

**ACCORDINGLY,** Plaintiff requests that the Court award him the following relief:

(a) a declaratory judgment that Defendant's allegations against him of sexual misconduct are untrue;

(b) compensatory damages proximately caused by Defendant's intentional infliction of emotional distress, defamation, and false light invasion of privacy, including incidental and consequential damages;

(c) punitive damages in an amount sufficient to deter similar future behavior;

(d) preliminary and permanent injunctive relief prohibiting Defendant from continuing her extortionate behavior and from further publicizing her false allegations against Plaintiff;

(e) Plaintiff's reasonable costs and attorneys' fees;

(f) pre-judgment and post-judgment interest; and

(g) such other relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated: October 8, 2024.

Respectfully submitted,

**TROYAL GARTH BROOKS**

By: /s/ R. David Kaufman
R. David Kaufman,
One of His Attorneys

OF COUNSEL:

R. David Kaufman, MSB No. 3526
dkaufman@brunini.com
M. Patrick McDowell, MSB No. 9746
pmcdowell@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

Daniel M. Petrocelli (*pro hac vice*)
dpetrocelli@omm.com
Megan K. Smith (*pro hac vice*)
megansmith@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Eric J. Amdursky  (*pro hac vice*)

eamdursky@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

Dated:  October 8, 2024.

*/s/ R. David Kaufman*
R. David Kaufman