# Attachment A



**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

October 9, 2024

**VIA ECF**

Hon. Henry T. Wingate
Southern District of Mississippi
Northern Division
501 East Court Street, Su. 6.750
Jackson, MS 39201

       Re:    Doe v. Roe, Case No. 3:24-cv-00547-HTW-LGI

Dear Judge Wingate:

We represent Defendant Jane Roe ("Ms. Roe") in connection with the above-referenced matter. We submit this letter in support of the notice of motion for immediate and expeditious relief pursuant to Local Rule 7(b)(8), Urgent or Necessitous Matters, and as such, do not submit a memorandum of law brief in support. Defendant requests that the Amended Complaint filed last night by Plaintiff John Doe ("Mr. Doe") in which he divulged Ms. Roe's identity (see Dkt. No. 17), be sealed immediately, or alternatively, that Ms. Roe's name is redacted.

As set forth below, the conduct engaged in by Mr. Doe is exactly the type of retaliatory and abusive conduct which causes sexual assault victims to remain silent. Mr. Doe should not be rewarded by this Court for his appalling and malicious behavior.

**I.**    **Procedural History**

On September 13, 2024, Plaintiff filed a preemptive abusive declaratory judgment action against Defendant. Dkt. No. 1. Mr. Doe also filed a motion pursuant to Fed. R. Civ. P. 5.2 ("Rule 5.2"), L.U. Civ. R. 5.2, and L.U. Civ. R. 79, seeking leave to file his complaint under a pseudonym, proceed in this action pseudonymously, and to file under seal or with redaction materials that would reveal the parties' identities. Dkt. Nos. 4-5. On October 1, 2024, Ms. Roe submitted her opposition to the motion. Dkt. No. 11 ("Opposition").

Last evening, October 8, 2024, Mr. Doe filed his reply memorandum of law. Dkt. No. 16. Moments later, he filed an Amended Complaint in which he dropped the use of pseudonymous names and used his name and Defendant's name. Dkt. No. 17. Mr. Doe claims that he did this in response to Ms. Roe's action commenced in California on October 3, 2024, entitled *Roe v. Brooks*, No. 24 Civ. 25693 (Cal. Sup. Ct. October 3, 2024). A copy is attached as Exhibit A.



**II.     Plaintiff Failed to Provide Notice to Defendant Before Maliciously Divulging Her Identity**

Before Ms. Roe commenced her complaint in California late in the day on October 3, 2024, she allowed Plaintiff herein ample time to take necessary steps to contact this Court about her intent to file. Specifically, on October 1, 2024, in her Opposition Defendant provided express notice to Plaintiff, counsel for Plaintiff, and to the Court, that she intended to file a complaint and use Plaintiff's identity in that California filing:

> This week, Ms. Roe will file her complaint against Mr. Doe in California asserting claims under the relevant California laws that are timely pursuant to California's Sexual Abuse and Cover-Up Accountability Act, AB 2777 because her claims are "based on conduct that occurred on or after January 1, 2009, and [are] commenced []after January 1, 2019," see Cal. Code Civ. Proc. § 340.16(b)(3).

Dkt. No. 11 at 2, n.2.

Defendant further wrote:

> By being the first to file in Mississippi federal court and asking the Court to permit him to proceed under a pseudonym, Mr. Doe hopes that he will dupe this Court into granting his alleged claims priority and prevent Ms. Roe from disclosing all of her relevant facts, including his identity, in her California complaint. Although it was Mr. Doe's hope to prejudice Ms. Roe this way, there is nothing preventing Ms. Roe from commencing her California action immediately and using his identity. Out of an abundance of caution, however, and because Ms. Roe respects this Court's authority to decide whether Mr. Doe can proceed under a pseudonym, she will wait until later this week to make sure there is no objection from this Honorable Court before filing her California action in this manner.

*Id.* In addition, Defendant noted that a delay in filing a complaint in California could prejudice her under the relevant Fifth Circuit law governing motions to dismiss complaints filed under the Declaratory Judgment Act. *Id.* at 2-3, and n.3.

Unquestionably, Defendant gave Plaintiff and his counsel notice of her intent to commence the action "immediately" and file before the end of the week, which meant on or before October 4, 2024. In response to such notice received on October 1, 2024, Plaintiff had the ability and time to contact this Court to seek temporary relief from the impending filing or to be heard on the issue expeditiously, yet he opted to do nothing. Alternatively, counsel for Plaintiff, who already had



been in communications with counsel for Defendant prior to October 1, as well as on October 2, 2024, could have raised the issue given the express notice in the Opposition, but they also opted to do nothing. Because Plaintiff and his counsel did nothing, and not receiving objection from this Court, late in the afternoon on Thursday, October 3, 2024, Defendant filed her action in California. *See* Ex. A.

### III.  Plaintiff Easily Could Have Provided Notice to Defendant Before Making Her Name Public

It is abundantly clear that Plaintiff could have given similar notice to Defendant. In his reply memorandum of law filed yesterday (Dkt. No. 16) for example, he could have set forth that it was his intention to withdraw his request to proceed under a pseudonym, and alternatively intended to file an amended complaint divulging the identity of all parties. Mr. Doe failed to do this. Plaintiff's counsel easily could have taken steps to notify Defendant's counsel of their plans to take such drastic steps, but they failed to do so. No urgency existed for Mr. Doe to file an Amended Complaint in direct contravention of his pending motion and without notice to this Court or to Defendant. In fact, absolutely no legal justification exists for Plaintiff's amendment of his complaint for the purpose of outing Defendant's identity. Plaintiff did this purely out of spite and to retaliate, bully and otherwise harm Ms. Roe for daring to hold him accountable.

In his reply, Plaintiff mischaracterizes the Opposition and attempts to suggest that Defendant conceded that her identity could be disclosed. Dkt. No. 16 at 3, and n.3. Defendant made no such representations. To the contrary, she argued at all times that it would be fundamentally unfair for Mr. Doe to be able to proceed under a pseudonym given that he was the party being accused of committing the sexual violence. Dkt. No. 11. Ms. Roe argued that she would be re-victimized if Mr. Doe were allowed to proceed under a pseudonym and presented relevant decisions in which courts allowed the sexual assault victim (not the accused) to proceed under a pseudonym.[1] It is relevant that the majority of courts traditionally consider allegations of rape and sexual assault as inherently intimate and private, rather than public. Ms. Roe further set forth in her Opposition her

---

[1] Countless decisions in this circuit reached this result. *See, e.g., Doe Williams v. Williams*, No. 24 Civ. 165 (DPJ) (ASH), 2024 WL 2805642 (S.D. Miss. May 31, 2024) (pseudonym allowed where female plaintiff was surreptitiously recorded having sex and recording was disseminated without plaintiff's consent); *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. Civ. 22-00338 (BAJ) (SDJ), 2022 WL 17070549 (M.D. La. Nov. 17, 2022) (pseudonym allowed where female plaintiff suing public university was sexually assaulted); *Doe v. Trustees of Socorro Indep. Sch. Dist.*, 2018 WL 11471569 (W.D. Tex. June 25, 2018) (pseudonym allowed where female plaintiff suing public school district was sexual assault victim); *Sealed Appellant v. Sealed Appellee*, No. Civ. 22-50707, 2024 WL 980494 (5th Cir. 2024) (remanded to district court with instructions to use balancing test to determine whether sealing and/or pseudonym use was warranted).


position that because her allegations of sexual assault are being brought under California laws in a California court, that the California court should decide whether she can proceed under a pseudonym. Only in the limited circumstance in which this Court's decision hinged on whether her name also must be divulged, did she state that she would proceed without a pseudonym. *Id.* at 12, n. 11 ("Although Ms. Roe believes that her name warrants protection and that ultimately the California court should decide that issue, she is willing to proceed using her name here **if this Court believes that is necessary in denying Plaintiff's motion.**") (emphasis added).

### IV. Ms. Roe Requests That the Amended Complaint be Sealed Immediately, or in the Alternative, Be Replaced with a Version Redacting Defendant's Identity

Regarding the Amended Complaint filed last evening (Dkt. No. 17), Defendant respectfully asks the Court to order that Dkt. No. 17 be sealed immediately, or alternatively, that the Court order Defendant's name be redacted from the caption and throughout the body of the Amended Complaint. Ms. Roe has attached a copy of the document with such redactions hereto, as Exhibit B. Although sealing and redacting judicial records is disfavored in the Fifth Circuit, every court has supervisory power over its own records and files, and when appropriate, courts may order that case documents be filed under seal. *See* Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court must balance the public's common law right of access against the interests favoring nondisclosure. *Sealed Appellant v. Sealed Appellee*, No. Civ. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024). Here, the balancing test weighs heavily in favor of protecting Ms. Roe's identity. In addition to the numerous cases where courts recognize the harm to sexual assault victims by having their identities disclosed, Ms. Roe took appropriate steps to maintain her anonymity and filed the California action as "Jane Roe," and opposed the motion filed by Plaintiff herein.

In contrast, there is no reason why Mr. Doe must disclose Defendant's identity in this proceeding. Indeed, he was the one who commenced it under pseudonyms and had the parties brief the issue before the Court. Mr. Doe revealed Ms. Roe's identity out of revenge and with an intent to harm Ms. Roe, knowing that she was refusing to cower to his threatening conduct and commenced her claims against him as she said she would all along. Of course, Mr. Doe is aware of all the reasons why sexual assault victims underreport such crimes to law enforcement, as well as why victims who seek accountable through our legal system often request to do so under a pseudonym. Sadly, sexual assault victims continue to be blamed for what happened, and worse, even shamed and mocked for being victimized in the first instance. Such harmful degradation contributes to lack of reporting and thus helps perpetuate the cycle of sexual violence. On balance, considerations to preserve the identity of a rape victim far outweigh any presumption of access, and at this juncture, sealing is appropriate.



The conduct engaged in by Mr. Doe, both by filing the preemptive Declaratory Judgment Act complaint and now with divulging Ms. Roe's identity, is exactly the type of retaliatory and abusive conduct which causes victims to remain silent. Mr. Doe should not be rewarded by this Court for his appalling and malicious behavior. Indeed, every hour, much less day, that the Amended Complaint remains on the public docket is severely prejudicing Ms. Roe.

### V.     Ms. Roe Requests that Plaintiff John Doe is Sanctioned

In the Fifth Circuit, courts have an inherent power to "sanction bad faith conduct when other rules do not provide an adequate remedy." *Hernandez v. State Farm Lloyds*, 2017 WL 5163366, at *1 (W.D. Tex. Aug. 17, 2017). A federal court has the inherent power to "impose sanctions against attorneys for bad faith conduct in litigation." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995), citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991)). Here, Mr. Doe, with the assistance of his lawyers, engaged in blatant bad faith conduct. Courts have held evidence of bad faith exists for such conduct as: committing perjury, *Davis v. LM Gen. Ins. Co.*, No. 3:21-CV-407-TSL-LGI, 2023 WL 1458071, at *4 (S.D. Miss. Feb. 1, 2023); directly violating court orders specifically to hinder the court's ability to enforce said order, *Chambers,* 501 U.S. at 37–39; or failing to "[fulfill the] duty of reasonable inquiry into the relevant law." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 793 (5th Cir. 1993).

While Mr. Doe's motion to proceed under a pseudonym was still pending, he filed an amended complaint for the sole purpose of divulging Ms. Roe's identity, to retaliate, harm and subject her to victim shaming and blaming. This egregious conduct must not be condoned, and Plaintiff and his counsel shall be responsible for penalties imposed by this Court.

Ms. Roe reserves all rights to assert intentional tort counterclaims against Mr. Doe in this action for his malicious disclosure of her identity. She further will be seeking sanctions against Mr. Doe and against Mr. Doe's lawyers pursuant to Fed. R. Civ. P. 11.

### VI.     Conclusion

In conclusion, Defendant asks this Court for immediate and expeditious relief pursuant to Local Rule 7 (b)(8) Urgent or Necessitous Matters: (1) to temporarily seal the Amended Complaint (Dkt. No. 17), or (2) in the alternative, to remove Dkt. No. 17 and replace it with a copy of the Amended Complaint attached to this letter as Exhibit A, which redacts Defendant's name in the caption and in the body of the Amended Complaint; and for such other appropriate relief by the Court.

We have conferred with counsel for Mr. Doe regarding the relief requested and Plaintiff does not consent.



Hon. Henry T. Wingate
October 9, 2024
Page 6

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Jeanne Christensen* (signature)

Jeanne M. Christensen