IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TROYAL GARTH BROOKS**                                                   **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 3:24-cv-547-HTW-LGI**

**DEBRA WINGO WILLIAMS**                                     **DEFENDANT**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR "EMERGENCY" SEALING
OR REDACTIONS AND FOR SANCTIONS**

      Defendant Debra Wingo Williams already agreed to use her name in this litigation. She also included so many identifying details in her California lawsuit that it eliminated any possibility of her remaining anonymous in this Mississippi case. Her sudden about-face—to now protest Plaintiff's filing of an amended complaint identifying both parties—rings hollow.

      Garth Brooks filed this action as "John Doe vs. Jane Roe" on September 13, 2024. He concurrently sought leave for *both* parties to proceed under pseudonyms and to file any personally identifying exhibits under seal or with redactions. [Doc. 4]. Mr. Brooks did so to protect *both* parties' identities and to spare *both* parties' families the repercussions of Ms. Williams' false allegations.

      Rather than accept Mr. Brooks' offer, Ms. Williams *opposed* Mr. Brooks' motion for joint pseudonymity "in its entirety." [Doc. 11 at 1]. She did not move herself to proceed under a pseudonym. Instead, her opposition to Mr. Brooks' motion called pseudonymity "a drastic exception to Rule 10(a)" [*id*. at 4-5] and pressed the Court to hold that "allowing parties to proceed under a pseudonym is the exception, not the rule." [*Id*. at 17]. Ms. Williams further argued that "courts may not seal information merely because it could 'lead to a litigant's embarrassment," [*id*. at 17] and that "vague assertions of harm to reputation [a]re not enough to

04569578

strip the public of its right to know the identities of litigants." [*Id*. at 19].[1] Ms. Williams even urged the Court that both parties to this case should proceed under their own names. She wrote that "no basis under Fifth Circuit law exists to grant Mr. Doe's request to seal the record or redact publicly filed documents to conceal the identities of he **and Ms. Roe**." [Doc. 11 at 24 (emphasis added)]. And lest there be any doubt about her willingness to identify herself, Ms. Williams added that she "is willing to proceed using her name here if this Court believes that is necessary in denying Plaintiff's motion."[2] [*Id*. at 12 n.11; *see also id.* at 22].

The Court should take Ms. Williams at her word and deny her emergency request to seal the record, redact her name, and award sanctions against Mr. Brooks or his counsel.[3]

1. **The Court should deny Defendant's request to seal the amended complaint.**

No law, statute, or rule obligated Mr. Brooks to file his original complaint or his amended complaint with pseudonyms or under seal. He initially used pseudonyms for both parties in his original complaint, and immediately moved for leave for both parties to proceed under pseudonyms, in an effort to protect both parties and their families from any harm resulting from public disclosure of Ms. Williams' attempted extortion of Mr. Brooks. Ms. Williams could have embraced the opportunity to remain anonymous; she chose not to. Instead, Ms. Williams

---

[1] Read most generously, Defendant's opposition indicated she would *prefer* to proceed under a pseudonym, but she did not file a motion for pseudonymity. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

[2] Ms. Williams' admission precludes her as a matter of law from arguing now that her identity should be concealed. *See Matter of BVS Constr., Inc.*, 2022 WL 1262096, at *2 (5th Cir. Apr. 28, 2022) (concession by BVS's counsel at hearing "constituted a judicial admission and as such is binding on BVS").

[3] Ms. Williams' emergency motion is also procedurally defective because she did not file a supporting memorandum brief as a separate docket item from her motion [Doc. 18] as required by L.U. Civ. R. 7(b)(2), (4), and (5), but instead submitted a "letter brief" as an attachment to her motion. [Doc. 18-1]. This is also a reason to deny her motion under Rule 7(b)(4).

opposed Mr. Brooks' motion, declaring that "no basis under Fifth Circuit law exists to grant Mr. Doe's request to seal the record or redact publicly filed documents to conceal the identities of he *and Ms. Roe*." [Doc. 11 at 24 (emphasis added)].

Ms. Williams then mooted Mr. Brooks' motion before the Court could consider it. She did so by filing a California lawsuit that named Mr. Brooks as the defendant and, even before her complaint was available on the public docket, widely disseminating her "unfiled" California complaint to media contacts. The California lawsuit not only identified Mr. Brooks but disclosed Ms. Williams' identity as well. In her complaint, she describes herself as a Mississippian with a thirty-plus-year career who has worked as a trusted make-up artist and hair stylist to Mr. Brooks and his wife, Trisha Yearwood. She goes on to add that she "has performed the hair styling and make-up for celebrities appearing in countless publications" and "has received numerous credits on advertising campaigns involving top celebrities and brands, and for her work in television commercials, and film." Calif. Compl. at ¶¶ 49-50. As internet sleuths and country music industry insiders discussing this case online announced weeks ago, the California plaintiff can be only one Mississippi citizen: Debra Wingo Williams. Leaving no doubt, Ms. Williams in 2022 touted her professional relationship with Mr. Brooks and Ms. Yearwood in publications such as *Mississippi Magazine* (with a photo of the three of them together that Ms. Williams apparently provided) and on social media to generate business in Mississippi. *See* Exhibits 1, 2.

Mr. Brooks filed his amended complaint identifying both parties only after Ms. Williams (i) opposed his motion for pseudonymity, and (ii) publicly outed both herself and Mr. Brooks through the filing of the detailed California complaint [Doc. 17]. Mr. Brooks' amended complaint does not plead a rape or sexual assault case, factors that might justify anonymity. It alleges that Mr. Brooks is the victim of Ms. Williams' "attempted extortion, defamation, false light invasion of privacy, and intentional infliction of emotional distress through outrageous

conduct including the publication and threatened wider publication of *false* allegations of sexual misconduct that would irreparably harm Plaintiff's reputation, family, career and livelihood." [Doc. 17 at intro. para. (emphasis added); *accord id.* at ¶ 12 ("Defendant's allegations are not true.")].

Nor does Mr. Brooks' amended complaint contain any "lewd or graphic [or] sexually explicit" information concerning Ms. Williams that justifies an order sealing it. *Sealed Appellant v. Sealed Appellee*, 2024 WL 980494, at *1 (5th Cir. Mar. 7, 2024).[4] Ms. Williams' request to seal the amended complaint should be denied.

2. **The Court should deny Defendant's request for sanctions.**

There is no cause to award sanctions against Mr. Brooks or his counsel. Mr. Brooks was entitled to amend his complaint as a matter of course under Rule 15(a)(1), and nothing prohibited him from identifying both parties in the amended complaint. As Ms. Williams observed in opposing Mr. Brooks' motion for joint pseudonymity, pseudonymity "is the exception, not the rule." [Doc. 11 at 17]. And it was Ms. Williams who argued there was "no basis under Fifth Circuit law exists to grant Mr. Doe's request to seal the record or redact publicly filed documents to conceal the identities of he and Ms. Roe." [*Id.* at 24 (emphasis added)]. Naming Ms. Williams in the amended complaint was consistent with her own stated willingness for both parties to proceed under their own names in this litigation. [*Id.* at 12 n.11 and 22].

For all these reasons, Mr. Brooks requests that the Court deny Ms. Williams' motion in its entirety.

---

[4] The only party to publicly assert graphic and explicit allegations is Ms. Williams. For example, her opposition to Mr. Brooks' motion for joint pseudonymity unnecessarily spends six pages detailing allegations of sexual assault and rape. [Doc. 11 at 6-11]. Ms. Williams had no legitimate purpose for including such allegations in her filing on a procedural matter such as pseudonymity.

Dated: October 16, 2024.

              Respectfully submitted,

              **TROYAL GARTH BROOKS**

            By: */s/ M. Patrick McDowell*
               M. Patrick McDowell,
               One of His Attorneys

OF COUNSEL:

R. David Kaufman, MSB No. 3526
dkaufman@brunini.com
M. Patrick McDowell, MSB No. 9746
pmcdowell@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

Daniel M. Petrocelli (*pro hac vice*)
dpetrocelli@omm.com
Megan K. Smith (*pro hac vice*)
megansmith@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Eric J. Amdursky
eamdursky@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

Dated: October 16, 2024.

<i>/s/ M. Patrick McDowell</i><br>
M. Patrick McDowell